Capital 155 East 55th, LLC, Petitioner-Landlord-Respondent, 
against
Garden House School of New York, Respondent-Tenant-Appellant, and John Cantwell, Respondent-Occupant-Appellant, and Mary Cantwell and "John Doe," Respondents-Occupants.



Tenant and respondent-occupant John Cantwell appeal from (1) an order of the Civil Court of the City of New York, New York County (John H. Stanley, J.), dated May 18, 2017, which denied their motion to dismiss the petition in a holdover summary proceeding, and (2) so much of an order (same court and Judge), dated September 20, 2017, as granted landlord's motion for summary judgment of possession.




Per Curiam.
Orders (John H. Stanley, J.), dated, respectively, May 18, 2017, and September 20, 2017, insofar as appealed from, affirmed, with one bill of $10 costs.
The summary judgment record conclusively shows that the stabilized apartment at issue was originally leased to a corporate tenant (Learning Environments for Children Inc.) for the intended use of a single designated individual (Heather Rodts); that the first renewal lease listed the same tenant by its current name, the "Garden House School of New York," and specified that the apartment was to be occupied by the school's "Director and the Director's immediate family"; that Heather Rodts vacated the apartment many years ago; and that the apartment is currently [*2]occupied by Mary Cantwell, who serves as co-director of the school, and her husband John. 
"While ... a corporate tenant is entitled to a renewal lease provided it can meet the primary residence test, rent stabilization was never intended to place such a tenant's leasehold estate in perpetual trust for the benefit of whomever, at a particular point in time, might happen to occupy a corporate office" (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, 234-235 [1983], affd 61 NY2d 976 [1984]). "[A] corporation is entitled to a renewal lease where the lease specifies a particular individual as the occupant and no perpetual tenancy is possible" (Manocherian v Lenox Hill Hosp., 229 AD2d 197, 205 [1997], lv denied 90 NY2d 835 [1997][emphasis in original]; Avon Bard Co. v Aquarian Found., 260 AD2d 207, 211 [1999], appeal dismissed 93 NY2d 998 [1999] [even where a corporation's rent stabilized lease is "manifestly for the benefit of" an individual occupant, the individual is not protected by the Rent Stabilization Law if he or she is not designated in the lease [internal quotation marks omitted]).
Here, since it is undisputed that the only individual identified in the lease as the intended occupant (Rodts) has vacated the premises, the corporate tenant is not entitled to a renewal lease (Manocherian v Lenox Hill Hosp., 229 AD2d at 205). Contrary to appellants' contention, the listing of the apartment's present occupants on the DHCR RA-23.5 forms submitted with certain renewal leases, does not satisfy the Manocherian requirement that the lease designate an individual who is to occupy the premises (see Fox v 12 E. 88th LLC, 160 AD3d 401, 403 [2018]).
The notice of nonrenewal was reasonable in view of all attendant circumstances (see Hughes v Lenox Hill Hosp., 226 AD2d 4, 17 [1996], lv denied 90 NY2d 829 [1997]), as it fairly stated the nature of landlord's claim and the facts necessary to establish the existence of such claim. Insofar as pertinent, the notice states that the grounds for the proceeding are that the premises are not occupied as the tenant's primary residence. It further recites that the designated occupant originally specified in the lease, Heather Rodts, has vacated and that John Cantwell primarily resides with his wife, Mary, at a specified address in Yonkers, New York (see Avon Bard Co. v Aquarian Found., 260 AD2d at 210).
Landlord was only required to serve the notice of nonrenewal upon the tenant (see Rent Stabilization Code [9 NYCRR] § 2524.2[c]; Hughes v Lenox Hill Hosp., 226 AD2d at 17). The only entity that comes within the regulatory definition of "tenant" (9 NYCRR 2520.6[d]) is respondent Garden House School of New York. The conclusory allegations that the tenant did not receive the notice were insufficient to rebut the presumption that a proper mailing occurred (see American Tr. Ins. Co. v Lucas, 111 AD3d 423 [2013]).
Nor was Heather Rodts a "necessary party" to this proceeding whose presence was indispensable to providing complete relief as between landlord and the corporate tenant (see One Arden Partners, L.P. v Unique People Servs. Inc., 29 Misc 3d 135[A], 2010 NY Slip Op 51977[U] [App Term, 1st Dept 2010]).
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 05, 2018